**NOT FOR PUBLICATION**

                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| URSULA CARGILL, | : | CIVIL ACTION NO. 09-6024 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| STATE OF NEW JERSEY, DEPARTMENT OF EDUCATION, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFF** advised the Court of the following:

> Right now, I do not intend to pursue any administrative remedies against the defendants that are available through the State Courts, the New Jersey Civil Service Commission, the New Jersey Office of Administrative Law or any similar body — other than to clear my tarnished name in a matter before the Governor's Office of Employee Relations.

(Dkt. entry no. 3, Pl. Letter at 1.) The Court ordered the plaintiff to clarify what type of "matter" is pending "before the Governor's Office of Employee Relations". (Dkt. entry no. 5, Order.)

**THE PLAINTIFF** now advises that:

> I filed a formal appeal with the Governor's Office of Employee Relations in November 2009. This matter is still under appeal and is pending before the Governor's Office of Employee Relations.

(Pl. Response at 1 (to be docketed).)

**A DISTRICT COURT** must abstain from exercising jurisdiction in an action if there are (1) state proceedings that are related

and pending, (2) important state interests implicated therein, and (3) adequate opportunities to raise federal claims therein. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).  A district court should stay a federal action — rather than dismiss a complaint — if the state proceedings are administrative in nature, in order to assure that the federal claims are actually resolved.  Gwynedd Props. v. Lower Gwynedd Twp., 970 F.2d 1195, 1204 & n.14 (3d Cir. 1992) (stating district court is without discretion to dismiss, rather than stay, monetary-relief claim that may not be redressed in state proceeding); Bongiorno v. Lalomia, 851 F.Supp. 606, 610-17 (D.N.J.) (staying action sua sponte, rather than dismissing complaint, as monetary-damage claim might not be resolved in pending state proceeding), aff'd, 39 F.3d 1168 (3d Cir. 1994) (table decision).  A state administrative proceeding is considered to be a "proceeding" under Younger.  See Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002) (stating same); N.J.Ct.R. 2:2-3 (setting forth procedure for further review).  A determination by the Office of Employee Relations is subject to review by the New Jersey state courts. See N.J. Law Enforcement Supervisors Ass'n v. New Jersey, 414 N.J.Super. 111, 117 (N.J. App. Div. 2010) (reviewing denial by Office of Employee Relations of request for certain relief).

**THE COURT** thus intends to (1) stay this action, and (2) administratively terminate this action with leave to the plaintiff to move to reopen when the related proceedings have been resolved through all of the administrative and state-court levels available. The plaintiff, if so moving in the future, should demonstrate that (1) pursuit of the federal claims was attempted in the related proceedings, and (2) the state administrative and appellate remedies available in the related proceedings have been exhausted.

**AN ORDER** administratively terminating an action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy. See Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination is not a final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits"). For good cause appearing, the Court will issue an appropriate order and judgment.

             s/ Mary L. Cooper
             **MARY L. COOPER**
             United States District Judge

Dated:  November 24, 2010